UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS, | No. 2:18-cv-2963 KJN P |
| Petitioner, | |
| v. | ORDER |
| SHASTA COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

For the reasons stated herein, petitioner is ordered to show cause why this action should not be dismissed as moot.

In the petition, petitioner alleges that he is a pretrial detainee. Petitioner challenges the validity of several pending charges in Shasta County Superior Court, i.e., case nos. 13M4757, 14F4854, 14F6355, 15F5464 and 15F5736. Accordingly, the undersigned construes the petition as having been brought pursuant to 28 U.S.C. § 2241. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee may file petition pursuant to 28 U.S.C. § 2241).

1

A review of Shasta County Superior Court records indicates that the cases petitioner challenges in this action have been resolved.¹ Shasta County Superior Court records indicate that on November 21, 2018, petitioner was sentenced in case nos. 14F6355, 15F5464 and 15F5736, and case nos. 13M4757 and 14F4854 were dismissed.²

Petitioner's claims challenging case nos. 13M4757 and 14F4854 are moot because those cases were dismissed. Petitioner's claims challenging case nos. 14F6355, 15F5464 and 15F5736 are also moot based on petitioner's convictions in those cases. See United States Parole Commission v. Geraghty, 445 U.S. 388, 395, 396 (1980) (a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); see also Yohey v. Collins, 985 F.2d 222, 228–229 (5th Cir.1993) (claims seeking federal habeas relief for pretrial issues were mooted by petitioner's subsequent conviction). Medina v. State of California, 429 F.2d 1392, 1393 (9th Cir.1970) (petition for writ of habeas corpus regarding revocation of bail was mooted by petitioner's subsequent conviction); Deere v. Superior Court, 2009 WL 23866 77 (9th Cir. 2009).

Accordingly, petitioner is ordered to show cause why this action should not be dismissed as moot.³

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 4) is granted;

////

////

---

¹ A court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

² Petitioner filed this action on November 13, 2018.

³ If petitioner seeks to challenge his convictions in case nos. 14F6355, 15F5464 and 15F5736, he may file separate habeas corpus petitions, pursuant to 28 U.S.C. § 2254, for each case after exhausting his state court remedies. See 28 U.S.C. § 2254(b) (an application for a writ of habeas corpus by a person in state custody may not be granted unless all available state court remedies have been fully exhausted.)

2. Petitioner is ordered to show cause within thirty days of the date of this order why this action should not be dismissed as moot.

Dated: March 7, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gibbs2963.osc